IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW LENNON, | : |
| Plaintiff, | : |
| v. | : CASE NO. 2:25-cv-04443-GAM |
| MIDLAND CREDIT MANAGEMENT, INC., | : |
| Defendant. | : |

## DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Midland Credit Management, Inc. respectfully answers Plaintiff's Complaint as follows:

### INTRODUCTORY STATEMENT

1. Admitted in part, denied in part. Defendant admits Plaintiff brings claims for alleged violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Defendant denies the remaining allegations in ¶ 1 of the Complaint.

2. Denied.

3. Denied.

### PARTIES

4. Admitted upon information and belief.

5. Admitted in part, denied in part. Defendant admits Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in ¶ 5 of the Complaint, and as such they are denied.

1

6.      Admitted in part, denied in part. Defendant admits it has a place of business in San Diego, California. Defendant admits that at times it is a "debt collector" as the FDCPA defines that term. Defendant denies the remaining allegations in ¶ 6 of the Complaint.

7.      Defendant admits that at times it furnishes information to credit reporting agencies. It denies all remaining allegations in ¶ 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Admitted.

9.      After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 9 of the Complaint, and as such they are denied.

## FACTUAL ALLEGATIONS

10.      Admitted in part, denied in part. Defendant admits it sued Plaintiff at the docket number identified in ¶ 10 of the Complaint. Defendant denies all remaining allegations.

11.      Admitted.

12.      Admitted.

13.      Defendant admits the dates on the Mutual Release match those identified in ¶ 13 of the Complaint.

14.      After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 14 of the Complaint, and as such they are denied.

15.      Defendant admits any properly quoted language from the release in ¶ 15 of the Complaint. Otherwise, Defendant denies these allegations.

16.      Denied.

17. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 17 of the Complaint, and as such they are denied.

18. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 18 of the Complaint, and as such they are denied.

19. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 19 of the Complaint, and as such they are denied.

20. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 20 of the Complaint, and as such they are denied.

21. Defendant admits it received notice from Trans Union of a communication from Plaintiff. Otherwise, denied.

22. Defendant admits it received notice from Experian of a communication from Plaintiff. Otherwise, denied.

23. Defendant admits it received notice from Equifax of a communication from Plaintiff. Otherwise, denied.

24. Admitted in part, denied in part. Defendant admits it fulfilled its investigatory obligations under the FCRA upon receipt of notice from the credit reporting agencies of a communication from Plaintiff. Otherwise, denied.

25. Admitted in part, denied in part. Defendant admits it fulfilled its responsive obligations under the FCRA upon receipt of notice from the credit reporting agencies of a communication from Plaintiff. Otherwise, denied.

26. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 26 of the Complaint, and as such they are denied.

27. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 27 of the Complaint, and as such they are denied.

28. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 28 of the Complaint, and as such they are denied.

29. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 29 of the Complaint, and as such they are denied.

30. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 30 of the Complaint, and as such they are denied.

31. Admitted in part, denied in part. Defendant admits it would have fulfilled its investigatory obligations under the FCRA upon receipt of notice from the credit reporting agencies of a communication from Plaintiff. Otherwise, denied.

32. Admitted in part, denied in part. Defendant admits would have fulfilled its responsive obligations under the FCRA upon receipt of notice from the credit reporting agencies of a communication from Plaintiff. Otherwise, denied.

33. Admitted in part, denied in part. Defendant admits it fulfilled its responsive obligations under the FCRA upon receipt of notice from the credit reporting agencies of a communication from Plaintiff. Otherwise, denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## STATEMENT OF CLAIM

### *Count I – Violation of the Fair Credit Reporting Act*

39. Defendant incorporates all preceding paragraphs of this Answer as though more fully set forth here.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

### *Count II – Violation of the FDCPA*

46. Defendant incorporates all preceding paragraphs of this Answer as though more fully set forth here.

47. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 47 of the Complaint, and as such they are denied.

48. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in ¶ 48 of the Complaint, and as such they are denied.

49. Denied.

50. Denied.

TRIAL BY JURY

51. MCM demands a jury trial.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

### SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively asserts the defense of failure to mitigate.

### THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that to the extent Plaintiff sustained actual damages (which Defendant denies), such damages were caused, in whole or in part, by the conduct of third parties or others, over which Defendant has no authority or control.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By:   */s/ Lauren M. Burnette*

         LAUREN M. BURNETTE, ESQUIRE
         PA Bar No. 92412
         1200 Riverplace Blvd.
         Suite 105 #1558
         Jacksonville, FL 32207
         ☏ (904) 892-6369
         🖷 (904) 298-8350 (fax)
         ✉ lburnette@messerstrickler.com

         ANDREW M. SCHWARTZ, ESQUIRE
         PA Bar No. 79427
         935 E. Lancaster Ave., #1003
         Downingtown, PA 19335
         ☏ (320) 434-9664
         🖷 (312) 334-3474 (fax)
         ✉ aschwartz@messerstrickler.com
         *Counsel for Defendant*

Dated: August 22, 2025

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on August 22, 2025, a true copy of the foregoing document was served on all unrepresented parties and all counsel of record by electronic service or US Mail, postage prepaid.

**MESSER STRICKLER BURNETTE, LTD.**

By: */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
PA Bar No. 92412
1200 Riverplace Blvd.
Suite 105 #1558
Jacksonville, FL 32207
☏ (904) 892-6369
🖷 (904) 298-8350 (fax)
✉ lburnette@messerstrickler.com

ANDREW M. SCHWARTZ, ESQUIRE
PA Bar No. 79427
935 E. Lancaster Ave., #1003
Downingtown, PA 19335
☏ (320) 434-9664
🖷 (312) 334-3474 (fax)
✉ aschwartz@messerstrickler.com
*Counsel for Defendant*

Dated: August 22, 2025